# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVID COURSON, CDCR #F-69760, <br><br> Plaintiff, <br><br> vs. <br><br> COCHRAN, San Diego Sheriff Deputy; ESPINOZA, San Diego Sheriff Deputy; <br><br> Defendants. | Civil No.  08-0871 JAH (LSP) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING $8.77 INITIAL PARTIAL FILING FEE, GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];** <br><br> **AND** <br><br> **(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

Daniel David Courson ("Plaintiff"), a prisoner currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California ("CAL"), and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that while he was incarcerated at the San Diego Central Jail, he was subjected to excessive force and denied medical care by San Diego County Sheriff Deputies. (*See* Compl. at 3-4.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.   MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has further provided a certified copy of his trust account statement as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2 [Doc. No. 3]. Plaintiff's trust account statement shows an average monthly balance of $43.85, average monthly deposits of $18.00. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses an initial partial filing fee of $25.15 pursuant to 28 U.S.C. § 1915(b)(1). However, the Secretary of the CDCR, or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are available at the time this Order is executed* pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

////
////
////

## II.    S<small>UA</small> S<small>PONTE</small> S<small>CREENING PER</small> 28 U.S.C. §§ 1915(e) <small>AND</small> 1915A

The Prison Litigation Reform Act ("PLRA") also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Here, the Court finds that Plaintiff's Complaint alleges facts sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Therefore, the Court shall order U.S. Marshal service on Plaintiff's behalf.  *See Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); F<small>ED</small>.R.C<small>IV</small>.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

////

////

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of the CDCR, or his designee, is ordered to collect the $8.77 initial partial filing fee assessed by this Order and forward that amount to the Clerk of Court, *if those funds are available at the time this Order is executed.* THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Secretary of the CDCR, or his designee, is ordered to collect from Plaintiff's prison trust account the balance of the filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THAT NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5. The Clerk shall issue a summons upon Defendants, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his Complaint, summons **and Exhibit "F" [Doc. No. 4]** for purposes of serving each of these Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Complaint, summons **and Exhibit "F" [Doc. No. 4]**

Case 3:08-cv-00871-JAH-LSP     Document 6     Filed 07/15/2008     Page 5 of 5

1 | upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be
2 | advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

3 |     6. Defendants are thereafter **ORDERED** to reply to the Complaint within the time
4 | provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C.
5 | § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to
6 | any action brought by a prisoner confined in any jail, prison, or other correctional facility under
7 | section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C.
8 | § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face
9 | on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits,"
10 | Defendants are required to respond).

11 |     7. Plaintiff shall serve upon Defendants or, if appearance has been entered by
12 | counsel, upon Defendants' counsel, a copy of every further pleading or other document
13 | submitted for consideration of the Court. Plaintiff shall include with the original paper to be
14 | filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
15 | of any document was served on Defendants, or counsel for Defendants, and the date of service.
16 | Any paper received by the Court which has not been filed with the Clerk or which fails to
17 | include a Certificate of Service will be disregarded.

19 | DATED: July 14, 2008

21 | JOHN A. HOUSTON
    United States District Judge

K:\COMMON\EVERYONE\_EFILE-PROSE\JAH\08cv0871-GrantIFP & Direct USMS.wpd   -5-                                             08cv0871