ORIGINAL

Daniel David Courson  F69760
R.J. Donovan Correctional Facility
P.O. Box 799001

San Diego, CA  92179-9001

FILED

2008 SEP 10 PM 1:38

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**NUNC PRO TUNC**

AUG 2 6 2008

United States District Court

Southern District of California

| | |
|---|---|
| Daniel David Courson,<br><br>　　　　　Plantiff,<br><br>v.<br><br>San Diego Sheriff's Dep. Cochran,<br><br>et al,<br><br>　　　　　Defendants. | Civil Case No. 08CV0871-JAH(LSP)<br><br>Memorandum of Points and Authorities in Support of Appointment of Counsel |

**Statement of the Case**

　　This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting claims for the unconstitutional misuse of force, and the delay of medical care for injuries inflicted during the misuse of force, as well as emotional distress as a result of these actions. The plaintiff seeks damages as to all claims.

**Statement of Facts**

　　The Complaint alleges that the plaintiff was assaulted by San Diego Sheriff's Deputy Cochran, receiving a significant injury to his right shoulder, resulting in surgical repair, physical therapy, and prolonged pain and suffering. Immediately after the incident, the plaintiff requested medical attention,

(1)

which was delayed for several days. Multiple inmate grievance forms were completed by the plaintiff with no response by the defendants or supervisors.

### Argument

**The Court should appoint counsel for the plaintiff.**

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S.Ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1. **Factual complexity.** The plaintiff alleges that a Sherriff's Deputy physically abused him without any provocation whatsoever, that written administrative remedies went unanswered, and that medical care was delayed after several requests to two defendants. It will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991)

2. **The plaintiff's ability to investigate.** The plaintiff

ORIGINAL

is currently an inmate in a level 3 facility in state prison. This case will require considerable discovery concerning deputies' reports and statements about the incident, the history of the deputy with possible prior records of misuse of force, and the plaintiff's medical history. See Tucker v. Dickey, 613 F.Supp. 1124, 1133-34 (W.D.Wis. 1985) (need for discovery supported appointment of counsel).

**3. Conflicting testimony.** The plaintiff's account of his abuse by Deputy Cochran may potentially be conflict with some or all of the statements by the defendant. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses). The existence of these anticipated credibility issues supports the appointment of counsel. Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

**4. The ability of the indigent to present his claim.** The plaintiff has been granted In Forma Pauperis status by the court, and has no legal training, a factor that supports the appointment of counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

**5. Legal complexity.** The plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), cert. denied, 112 S.Ct. 1995 (1992).

**6: Merit of the case.** The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The unprovoked and injurious abuse alleged in the complaint clearly states an Eighth Ammendment violation. See Hudson v. McMillian,

ORIGINAL

___U.S.___, 112 S.Ct. 995, 1000 (1992). On its face, then, this is a meritorious case.

## Conclusion

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

Sworn under penalty of perjury, this 22nd day August, 2008. Executed at R.J. Donovan Correctional Facility, San Diego, CA, 92179.

Respectfully submitted,


_____
Plaintiff

Daniel David Courson   F69760
P.O. Box 799001
San Diego, CA   92179-9001

August 22, 2008
_____
Date

time: 1:00 pm

(4)